**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BINDERIYA GANSUKH,<br>Petitioner,<br>v.<br>WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | NO. CV 26-5447-AS<br><br>**ORDER PARTIALLY GRANTING TEMPORARY RESTRAINING ORDER** |

**I.**

**INTRODUCTION**

Shortly after midnight on September 18, 2026, Binderiya Gansukh ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: the Warden of the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California; the Los Angeles Field Office Director for ICE; David J. Venturella, Acting ICE Director; Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Todd Blanche, United States Attorney General; the Executive Office for Immigration Review ("EOIR");

and Sirce E. Owen, Acting EOIR Director (collectively "Respondents"). (Docket ("Dkt.") No. 1). Shortly thereafter, Petitioner filed an Ex Parte Application for a Temporary Restraining Order ("TRO") Barring Transfer ("TRO Application") with the supporting Declaration of Deron Edward Smallcomb ("Smallcomb Decl."). (Dkt. No. 2). The TRO Application asserts that on September 17, 2026, Petitioner's counsel "was informed that Petitioner expects to be transferred from [the] Adelanto [ICE Processing Center] at approximately 4:00 a.m. on September 18, 2026[,]" and it seeks a TRO "barring Respondents from transferring [Petitioner] outside the Central District of California pending further order, directing [Petitioner's] return within 24 hours if she has been moved out of the District since the Petition was filed, and ordering Respondents to show cause why a preliminary injunction should not issue." (TRO Application at 2-7; Smallcomb Decl., ¶ 3).

At 8:55 a.m. on September 18, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") requiring Respondents to file a Notice of Appearance within three calendar days and an Answer within seven days of the date of the Notice. (Dkt. No. 8). The Notice also provides that Petitioner can file a Reply within three days after Respondents filed an Answer and that "[i]f any of these deadlines fall on a weekend, holiday, or day the court is closed, the deadline shall be the next business day on which the court is open." (Id.). Additionally, the Notice states that "[d]uring the pendency of these proceedings, Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California." (Id.).

On September 19, 2026, Respondents filed an Opposition to the TRO Application ("Opposition"), stating that at approximately 5:08 a.m. on September 18, 2026, Petitioner was transferred to the California City Immigration Processing Center in California City, California (Dkt. No. 11), which is in the Eastern District of California. 28 U.S.C. § 84(b). Respondents contend the TRO Application should be denied since, *inter alia*, "judicial intervention is not proper with respect to the government's decision about where to detain Petitioner" and Petitioner "has not demonstrated that she will suffer irreparable harm if the TRO is not granted." (Opposition at 1-6). Respondents also state that Petitioner is scheduled for a bond hearing on September 22, 2026. (Opposition at 3).

On September 20, 2026, Petitioner filed a Reply to the Opposition. (Dkt. No. 13). Petitioner's Reply argues that the text of General Order 26-05 ties the Notice obligation to the pendency of the Petition, not the filing of the Clerk's Notice, that the Court has the authority to remedy the General Order 26-05 violation, and that Petitioner should be returned to the Central District. (Reply at 1-9). Alternately, Petitioner requests the Court order Respondents to "not transfer Petitioner outside the Central and Eastern Districts of California while the Petition is pending, and provide at least two court days' notice to Petitioner's counsel and the Court before any further transfer." (Reply at 9).

\\

\\

\\

\\

## II.

## BACKGROUND

Petitioner is a native and citizen of Mongolia who was admitted to the United States as a student on August 21, 2017. (Petition, ¶¶ 1, 11, 27-28). On January 5, 2018, Petitioner applied for asylum. (Petition, ¶¶ 1, 29). Her application is still pending, and DHS has authorized Petitioner's employment through September 10, 2030. (Petition, ¶¶ 1, 29-30 & Exh. E).

In early September 2026, ICE officers arrested Petitioner while she and her fiancé, who is a United States citizen, were traveling to Las Vegas to get married. (Petition, ¶¶ 2, 33). On September 4, 2026, DHS served Petitioner with a Notice to Appear, charging her with removability under INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i), as a noncitizen who failed to maintain the nonimmigrant status under which she was admitted. (Petition, ¶¶ 2, 34-35, Exh. A).

At the time the Petition was filed, Petitioner was detained at the Adelanto ICE Processing Center. (Petition, ¶¶ 2, 11, 40). However, Petitioner has since been moved to the California City Immigration Processing Center in California City, California. (Opposition at 3). Petitioner has a bond hearing scheduled for September 22, 2026, and a master calendar hearing set for October 16, 2026. (TRO Application at 6; Opposition at 3).

\\

\\

\\

**III.**

**DISCUSSION**

A TRO, like a preliminary injunction, "is 'an extraordinary remedy never awarded as of right.'" Benisek v. Lamone, 585 U.S. 155, 158 (2018) (per curiam) (quoting Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)); Martinez v. Noem, 821 F. Supp. 3d 1183, 1188-89 (C.D. Cal. 2026). To obtain a temporary restraining order, Petitioner must show, among other things, that she "is likely to suffer irreparable harm in the absence of preliminary relief[.]" Winter, 555 U.S. at 20; see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." (citation omitted)). Petitioner has not done so.

Petitioner argues that General Order 26-05 applied at the moment the Petition, not the Notice, was filed, and she has been irreparably harmed because she did not receive two days' advance notice before her transfer. (TRO Application at 5, 7). But, setting aside other issues, Petitioner has not established she received insufficient notice of her transfer. Petitioner alleges that on September 17, 2026, ***Petitioner's counsel*** "was informed, through communications with Petitioner and her fiancé, that Petitioner expect[ed] to be transferred from the Adelanto ICE Processing Center at approximately 4:00 a.m. on September 18,

2026." (Smallcomb Decl., ¶ 3). But the TRO Application does not state when ***Petitioner*** was notified of her impending transfer. Thus, even though General Order 26-05 was clearly not operative as to Petitioner when she was notified of her impending transfer (as this notice occurred no later than September 17, 2026, before the Petition was filed), it could well be that Petitioner actually received the notice General Order 26-05 contemplates.

In any event, given the advanced notice Petitioner received,[1] she was able to file the pending Petition before Petitioner was transferred to the Eastern District, and her subsequent transfer did not affect this Court's jurisdiction over the pending Petition. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (citing Ex Parte Endo, 323 U.S. 283 (1944)); Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) ("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner

---

[1] While Petitioner has been detained since at least September 4, 2026 (see Petition, Exh. A), she did not file the pending Petition until after midnight on the morning Petitioner was supposed to be transferred at 4:00 a.m. (and was ultimately transferred at 5:08 a.m.). It seems highly unlikely that the individuals Petitioner's counsel emailed regarding the TRO Application (see Smallcomb Decl., ¶ 5) had actual notice of it before the transfer occurred. Cf. Yan v. Mullin, 2026 WL 2603450, *1 (C.D. Cal. 2026) ("Petitioner was transferred to an immigration detention facility in Texas after the Petition was filed, but before General Order 26-05 was entered on August 21, 2026. Accordingly, Petitioner has not established that Respondents willfully violated General Order 26-05."). Certainly, the Court did not.

and the accompanying custodial change.'" (quoting Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)); Yan v. Mullin, 2026 WL 2603450, *1 (C.D. Cal. 2026) ("The Court maintains jurisdiction over the Petition because Petitioner was only transferred outside the Central District of California after the Petition was filed.").

Moreover, Petitioner has not shown that this transfer has in any way impeded her access to counsel or her ability to pursue this action. Petitioner asserts that her transfer has disrupted the proceedings the application sought to protect (Reply at 7-8), but Petitioner has provided no evidence demonstrating this is so, and her mere speculation does not demonstrate irreparable harm. See In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm."); Colorado River Indian Tribes v. Town of Parker, 776 F.2d 846, 849 (9th Cir. 1985) ("We have long since determined that speculative injury does not constitute irreparable injury.").

In short, since Petitioner has not established she "is likely to suffer irreparable harm in the absence of preliminary relief," Winter, 555 U.S. at 20, the Court denies the TRO Application to the extent it requests the Court order Respondents to return Petitioner to the Central District.[2] See Vega-Martinez v. Marin, 2026 WL 2536301, *1-2

---

[2] In similar circumstances, Respondents have sometimes voluntarily returned the petitioner to the Central District. See, e.g., Martinez Benitez v. Mullin, 2026 WL 2651654, *1 (C.D. Cal. 2026) ("As to whether petitioner was removed from the district without notice in violation of the Notice of General Order 26-05, respondents have provided evidence that petitioner was transferred out of the district on August 13, 2026, essentially concurrently with the filing of petitioner's habeas

(C.D. Cal. 2026) (denying petitioner's emergency application for a TRO when petitioner had not shown he faced a likelihood of irreparable harm in the absence of a TRO); Azimov v. Scott, 2026 WL 2323297, *1 (W.D. Wash. 2026) ("Because Petitioner has not shown an imminent likelihood of irreparable harm in the absence of a TRO, the Court DENIES the TRO motion."). However, since Petitioner was transferred to the Eastern District before the Notice was issued, the Court will modify the Notice to address Petitioner's situation.

**IV.**

**ORDER**

For the foregoing reasons, the TRO Application (Dkt. No. 2), is **GRANTED**, in part, and **DENIED**, in part, as follows:

1. Paragraph Six of the Notice of General Order 26-05 and Briefing Schedule (Dkt. No. 8) is modified to read:

During the pendency of these proceedings, Respondents shall provide at least two court days' notice to the Petitioner, Petitioner's counsel, and the Court of its intent to remove the Petitioner from the Eastern District of California unless

---

petition, and before they could have received the Notice of General Order 26-05, and once they received notice, they arranged for petitioner's return to the district. Thus, the court finds there was no violation of the court's order with respect to notice before transfer." (citations omitted)). Respondents are, of course, free to do that here.

Respondents are transferring Petitioner to the Central District of California.

2. The remainder of Petitioner's TRO Application is **DENIED** without prejudice.

DATED: September 21, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE